# EXHIBIT A

1  Ramin R. Younessi, Esq. (SBN 175020)
   **LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
   3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiff,
   VANESSA BALTAZAR

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **FOR THE COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT**

10

11  VANESSA BALTAZAR, an individual,          Case No.
                                               **CIV SB 2 0 2 5 3 6 5**
12                        Plaintiff,           **COMPLAINT FOR DAMAGES FOR:**

13         v.                                  1.  **DISCRIMINATION IN VIOLATION OF**
                                                   **GOV'T CODE §§12940 ET SEQ.;**
14  NATIONAL DISTRIBUTION CENTERS,
    LLC, a Delaware limited liability company; 2.  **RETALIATION IN VIOLATION OF**
15  NATIONAL DISTRIBUTION CENTERS LP, a           **GOV'T CODE §§12940 ET SEQ.;**
    business entity of unknown form; NFI
16  INDUSTRIES, INC., a business entity of    3.  **FAILURE TO PREVENT**
    unknown form; and DOES 1 through 20,          **DISCRIMINATION AND RETALIATION**
17  inclusive,                                    **IN VIOLATION OF GOV'T CODE**
                                                  **§12940(k);**
18                        Defendants.
                                               4.  **RETALIATION IN VIOLATION OF**
19                                                 **GOV'T CODE §§12945.2 ET. SEQ.;**

20                                             5.  **FAILURE TO PROVIDE REASONABLE**
                                                   **ACCOMMODATIONS IN VIOLATION OF**
21                                                 **GOV'T CODE §§12940 ET SEQ.;**

22                                             6.  **FAILURE TO ENGAGE IN A GOOD**
                                                   **FAITH INTERACTIVE PROCESS IN**
23                                                 **VIOLATION OF GOV'T CODE §§12940 ET**
                                                   **SEQ.;**
24
                                               7.  **VIOLATION OF THE PREGNANCY**
25                                                 **DISABILITY LEAVE LAW (GOV'T CODE**
                                                   **§12945(a));**
26
                                               8.  **FOR DECLARATORY JUDGMENT**
27
                                               9.  **WRONGFUL TERMINATION IN**
28                                                 **VIOLATION OF PUBLIC POLICY;**

                                    -1-
                        COMPLAINT FOR DAMAGES

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 16 2020

BY _____
   NICOLE O'DWYER, DEPUTY

BY FAX

**10. FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**

**11. FAILURE TO PROVIDE MEAL PERIODS (CAL. LABOR CODE §512);**

**12. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

**13. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

**14. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **VANESSA BALTAZAR,** and for causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1.      This Court is the proper court, and this action is properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

**THE PARTIES**

2.      Plaintiff, VANESSA BALTAZAR, is and at all times relevant hereto was a resident of the County of San Bernardino, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant NATIONAL DISTRIBUTION CENTERS, LLC (hereinafter referred to as "NATIONAL") was and is a Delaware corporation doing business at 16047 Mountain Avenue, in the City of Chino, County of San Bernardino, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant NATIONAL DISTRIBUTION CENTERS LP (hereinafter referred to as "NDC") was

-2-

1    and is a business entity of unknown form doing business at 16047 Cypress Avenue, in the City of Chino,

2    County of San Bernardino, State of California.

3        5.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

4    hereto, Defendant NFI INDUSTRIES, INC. (hereinafter referred to as "NFI") was and is an unknown

5    entity doing business at 16047 Mountain Avenue, in the City of Chino, County of San Bernardino, State

6    of California.

7        6.    NATIONAL, NDC, and NFI are hereinafter collectively referred to as "Employers."

8        7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

9    hereto, Employers owned and operated a private distribution center.

10        8.    At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint

11    employers and/or special employers within the meaning of Government Code §§12926, subdivision (d),

12    12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more

13    persons and are therefore subject to the jurisdiction of this Court.

14        9.    At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint

15    employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

16    Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an

17    employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

18        10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

19    the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

20    said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to

21    insert the true names and capacities of said Defendants when the same become known to Plaintiff.

22    Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

23    Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged

24    hereinafter.

25        11.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

26    hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

27    coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

28    other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

COMPLAINT FOR DAMAGES

1    within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

2    successor status and/or joint venture and with the permission and consent of each of the other Defendants.

3         12.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

4    of them, including those defendants named as DOES 1-20, acted in concert with one another to commit

5    the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

6    wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code

7    §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and

8    each of them, including those defendants named as DOES 1-20, and each of them, formed and executed

9    a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein,

10   with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and

11   actually causing Plaintiff harm.

12        13.    Whenever and wherever reference is made in this complaint to any act or failure to act by

13   a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

14   and/or failures to act by each Defendant acting individually, jointly and severally.

15        14.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent

16   discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and

17   wrongful termination under Government Code §§12940, et seq., the California Fair Employment and

18   Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and

19   has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

20

21   ## **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

22        15.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

23   of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of

24   defendants have ceased to exist.

25        16.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

26   purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including,

27   but not limited to because:

28

-4-

COMPLAINT FOR DAMAGES

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

17.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

18.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants

1   shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which

2   Defendants' business was and is conducted.

3       19.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

4   between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of

5   assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other

6   Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts

7   to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere

8   continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for

9   the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employers and/or DOES

10  1-20 are the successors of one or more of the other Defendants and are liable on that basis.

11

12                    **FACTUAL ALLEGATIONS**

13      20.    On or about May 1, 2015, Employers hired Plaintiff to work as an inventory lead.  Plaintiff

14  was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before

15  Plaintiff was wrongfully terminated on or about November 26, 2019.

16      21.    Between September 24, 2016 and March 27, 2019, Plaintiff's hourly wage rate was

17  between $11.00 and $16.90.  During the peak season, the months of August, September, and October of

18  each calendar year, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for

19  approximately 12 hours per day. For the remainder of the year, Plaintiff's fixed schedule was five days

20  per week, Monday through Friday, for approximately 8 hours per day.

21      22.    Between September 24, 2016 and March 27, 2019, Plaintiff did not receive a second

22  uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 10 hours,

23  which was 7 days per week during the peak season.  During this time period, one or more of Plaintiff's

24  30-minute meal periods were not provided approximately 7 times per week.

25      23.    In or around December 2018 or January 2019, Plaintiff learned that she was pregnant.

26  Plaintiff confirmed her pregnant with her doctor who issued her work restrictions.  Plaintiff's pregnancy

27  impaired her major life activity of working, thus constituting a disability. In or around February 2019,

28

1  Plaintiff reported her pregnancy and work restrictions to her supervisors Annel Celis and Guadalupe

2  Torres.

3      24.     In or around March 2019, Plaintiff suffered from a subchorionic hemorrhage, which

4  placed her pregnancy at risk. This hemorrhage also caused the major life activities of working to be more

5  difficult, thus constituting a disability. Plaintiff received medical treatment and was placed on medical

6  leave. Plaintiff informed Ms. Celis and Human Resources representative Fabiola Doe of her medical

7  status and medical leave. As she continued obtaining medical treatment, Plaintiff routinely kept

8  Defendants apprised to her medical status and updated work restrictions.

9      25.     On or about September 25, 2019, Plaintiff gave birth and notified Defendants that she was

10  taking her pregnancy disability leave and baby bonding leave immediately thereafter.

11      26.     However, on or about November 26, 2019, while still on pregnancy disability leave,

12  Defendants wrongfully terminated Plaintiff's employment.

13      27.     Defendants discriminated and retaliated against Plaintiff by wrongfully terminating

14  Plaintiff for exercising her right to request accommodations for her disabilities and/or medical condition,

15  and for engaging in protected activities.

16      28.     At all relevant times, Defendants failed to properly engage in a good faith interactive

17  process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that

18  Plaintiff could continue working for Defendants.

19      29.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though

20  Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or

21  without accommodations.

22      30.     Plaintiff's termination was substantially motivated by Plaintiff's gender, sex, disability or

23  perceived disability, medical condition or perceived medical condition, request for accommodation,

24  and/or engagement in protected activities, without any discussion of disability accommodations or any

25  good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus

26  is evidenced by the previously mentioned facts.

27      31.     Defendants' conduct described herein was undertaken, authorized, and/or ratified

28  Defendants' officers, directors and/or managing agents, including, but not limited to and those identified

herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

32. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

33. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

34. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

35. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

36. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

37. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

38.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

39.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of gender, sex, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of gender, sex, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

40.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's gender, sex, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

41.    At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

42.    Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

43.    Plaintiff is informed and believes that Plaintiff's gender, sex disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

44.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

45.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

46.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

47.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

48.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

49.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

50.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

51.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's gender, sex, disability, medical condition, real or perceived, and use of medical leave.

52.    Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

53.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

54.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

55.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

56.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

57.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

58.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

59.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

60.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

61.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

62.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

63.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

64.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

65.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

## AGAINST ALL DEFENDANTS

66.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

67.    At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's bonding with their newborn child. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

68.    At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

69.    Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

70.    Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

71.    Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

72.    Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

73.    Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

74.    The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

75.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

76.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

77.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

78.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

79.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

80.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

81.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

82.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

83.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

84.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

85.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

86.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

87.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

88.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

89.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

90.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

91.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

92.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

93.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA PREGNANCY DISABILITY LEAVE LAW

## GOV'T CODE §12945

## AGAINST ALL DEFENDANTS

94.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

-16-

COMPLAINT FOR DAMAGES

95.    At all times hereto, the California Pregnancy Disability Leave Law ("PDLL"), codified by Government Code §12945 Cal. Code Regs., tit. 2, § 11035, et seq, was in full force and effect and was binding upon Defendants.  Under the PDLL, all employers must provide a leave of up to four months, as needed, for the period(s) of time an employee is actually disabled because of pregnancy, even if an employer has a policy or practice that provides less than four months of leave for other similarly situated, temporarily disabled employees.  Pregnancy disability leave does not need to be taken in one continuous period of time.  An employer is required to give its employees reasonable advance notice of employees' FEHA rights and obligations regarding pregnancy, childbirth, or related medical conditions, including the right to intermittent leave.  An employer is also required to give an employee a copy of the appropriate notice as soon as practicable after the employee tells the employer of her pregnancy or sooner if the employee inquires about reasonable accommodation, transfer, or pregnancy disability leaves.

96.    The PDLL makes it an unlawful employment practice for an employer:

a.    to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider;

b.    to refuse to temporarily transfer a pregnant employee to a less strenuous or hazardous position for the duration of the pregnancy if the employee so requests, with the advice of the employee's physician, where that transfer can be reasonably accommodated;

c.    to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the PDLL.

97.    Further, because the PDLL is part of the FEHA, Government Code §12940(h) makes it unlawful for an employer to refuse to hire, select for a training program or promote, and may not discharge, discriminate or retaliate against, an employee because of pregnancy (or perceived pregnancy, breastfeeding or related medical conditions).

98.    Defendants violated the PDLL by refusing to reinstate Plaintiff to Plaintiff's position of employment following Plaintiff's exercise of the right to take protected PDLL leave.

99.    Defendants violated the PDLL by terminating Plaintiff's employment for having exercised the right to take protected PDLL leave.

COMPLAINT FOR DAMAGES

100.    The above said acts of Defendants' constitute violations of PDLL and were a proximate cause in Plaintiff's damage as stated below.

101.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

102.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the right of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

103.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST ALL DEFENDANTS

104.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 103, inclusive, as though set forth in full herein.

105.    Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income,

-18-

COMPLAINT FOR DAMAGES

disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

106.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

107.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

108.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's gender, sex, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's gender, sex, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's gender, sex, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

-19-

109.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's gender, sex, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

110.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

111.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

112.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

### NINTH CAUSE OF ACTION
### FOR WRONGFUL TERMINATION
### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
### AGAINST ALL DEFENDANTS

113.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

114.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of gender, sex, disability, medical condition, real or

perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.  At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants.  This law requires Defendants to refrain from disqualifying a person from pursuing employment on the basis of race, color, national origin, or sex.

115.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of gender, sex, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

116.    Plaintiff believes and thereon alleges that Plaintiff's gender, sex, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

117.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of gender, sex, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

118.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

119.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

120.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, exercise of PDLL rights, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

121.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

122.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## TENTH CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES DUE
## LABOR CODE §§201, 1182.12, 1194, 1194.2
## AGAINST ALL DEFENDANTS

123.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

124.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.

125.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

126.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

-22-
COMPLAINT FOR DAMAGES

### ELEVENTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE MEAL BREAKS

### LABOR CODE § 512

### AGAINST ALL DEFENDANTS

127.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

128.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

129.    In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

130.    Defendants failed and refused to provide Plaintiff with meal periods, and failed to compensate Plaintiff for missed meal periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

        a.    From approximately September 24, 2016 to October 31, 2016, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 5 weeks, or on approximately 35 days.

        b.    From approximately August 1, 2017 to October 31, 2017, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 13 weeks, or on approximately 91 days.

        c.    From approximately August 1, 2018 to October 31, 2018, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 13 weeks, or on approximately 91 days.

131.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of

pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

        a.     From approximately September 24, 2016 to October 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 35 separate days. Consequently, Plaintiff is owed one hour of pay at $11.00 for each day, or $385.00, plus interest thereon, for unpaid interrupted meal periods.

        b.     From approximately August 1, 2017 to October 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 91 separate days. Consequently, Plaintiff is owed one hour of pay at $11.00 for each day, or $1,001.00, plus interest thereon, for unpaid interrupted meal periods.

        c.     From approximately August 1, 2018 to October 31, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 91 separate days. Consequently, Plaintiff is owed one hour of pay at $11.00 for each day, or $1,001.00, plus interest thereon, for unpaid interrupted meal periods.

132.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $2,387.00.

133.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

134.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $2,387.00, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## TWELFTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

### LABOR CODE §§226 ET SEQ.

### AGAINST ALL DEFENDANTS

135.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

-24-

136.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

137.    At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs with accurate calculations of how Plaintiff's gross wages were calculated. Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

138.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

139.    This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

140. Plaintiff was paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 throughout her employment. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

141. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## LABOR CODE §§201-203
## AGAINST ALL DEFENDANTS

142. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

143. At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

144. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

145. As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $7,098.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $236.60, inclusive of overtime.

146. Based on Defendants' conduct as alleged herein, Defendants are liable for $7,098.00 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**FOURTEENTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

147.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

148.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure to provide meal breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

149.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

150.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

///

///

///

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For payment of meal period compensation pursuant to Labor Code §512, in the amount of no less than $2,387.00;

3.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $7,098.00;

5.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

8.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9.    For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

10.    For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, and failure to pay wages and other compensation in accordance with the law;

COMPLAINT FOR DAMAGES

11.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

12.     For post-judgment interest; and

13.     For any other relief that is just and proper.

DATED: November 11, 2020

                **LAW OFFICES OF RAMIN R. YOUNESSI**
                **A PROFESSIONAL LAW CORPORATION**

        By: _____
                Ramin R. Younessi, Esq.
                Attorney for Plaintiff
                VANESSA BALTAZAR

### JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: November 11, 2020

                **LAW OFFICES OF RAMIN R. YOUNESSI**
                **A PROFESSIONAL LAW CORPORATION**

        By: _____
                Ramin R. Younessi, Esq.
                Attorney for Plaintiff
                VANESSA BALTAZAR

COMPLAINT FOR DAMAGES